WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Newman,<br><br>           Plaintiff,<br><br>v.<br><br>St Johns Police Department, et al.,<br><br>           Defendants. | No. CV 19-08147-PCT-MTL (MHB)<br><br>**ORDER** |

Plaintiff Joe Newman filed this case in the Apache County Superior Court, and Defendants removed it to this Court. (Doc. 1.) Plaintiff subsequently filed a First Amended Complaint in which he brings claims pursuant to 42 U.S.C. § 1983 and Arizona state law stemming from his September 6, 2018 arrest by officers from the St. Johns Police Department. (Doc. 22.) On December 26, 2019, the Court denied Plaintiff's Motion for Summary Judgment, dismissed Plaintiff's federal constitutional claims for failure to state a claim, and remanded Plaintiff's state law claims to the Apache County Superior Court. (Doc. 37.) Before the Court is Defendants' Motion for Attorney's Fees. (Doc. 41.)

**I.     Motion for Attorney's Fees**

A district court may award attorney's fees pursuant to § 1988 to a prevailing civil rights defendant if the plaintiff's action was "unreasonable, frivolous, meritless, or vexatious." *Galen v. Cnty. of L.A.*, 477 F.3d 652, 666 (9th Cir. 2007). A defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). But the mere fact that a defendant prevails does not support an attorney's fees award. *Patton v.*

1  *Cnty. of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988) (attorneys' fees not warranted "simply because [the defendant] succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless, or vexatious"). "[A] defendant bears the burden of establishing that the fees for which it is asking are in fact incurred solely by virtue of the need to defend against those frivolous claims." *Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011).

"Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990). The rule against awarding attorney's fees to defendants applies with special force where the plaintiff is a pro se prisoner litigant. *See Hughes v. Rowe*, 449 U.S. 5, 15 (1980); *Miller v. L.A. Cnty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987).

Here, Defendants argue that the frivolity of Plaintiff's claims was obvious when Plaintiff initiated this action because Plaintiff's claims and arguments were based on "fringe" and "archaic" legal theories and confusing and incorrect legal arguments. (Doc. 41 at 5–6.)

Defendants do not satisfy the high standard set by § 1988(b). Although Plaintiff's First Amended Complaint was dismissed for failure to state a claim, the Court does not find that Plaintiff brought this action in bad faith or that Plaintiff's claims were frivolous. The fact that Plaintiff relied on less traditional legal theories in presenting his claims does not amount to "exceptional circumstances" to justify an award of fees under § 1988(b). It was not unreasonable for Plaintiff—who is representing himself and appears to have no legal training—to believe at the outset of this action that his claims were legitimate. *See Christianburg*, 434 U.S. at 422 ("Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.") Plaintiff's claims were ultimately unsuccessful, but the Court declines to characterize them as unreasonable, frivolous, or vexatious. As such, a fee award is inappropriate in the instant case, and the Motion for Attorney's Fees will be denied.

. . .

**IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to Defendants' Motion for Attorney's Fees (Doc. 41), and the motion is **denied**.

Dated this 4th day of May, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge